No. 3--07--0745

Filed August 8, 2008

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

EQUITY BUSINESS BROKERS, LTD.,    ) Appeal from the Circuit Court
d/b/a Sunbelt Business Brokers,   ) of the 10th Judicial Circuit,
Ltd.,                             ) Tazewell County, Illinois,
                                  )
     Plaintiff-Appellee,          )
                                  )
                                  ) No. 05--LM--770
     v.                           )
                                  )
PAUL C. ADAIR, d/b/a Specialty    )
Wood Work,                        ) Honorable
                                  ) John A. Barra,
     Defendant-Appellant.         ) Judge, Presiding.

JUSTICE SCHMIDT delivered the opinion of the court:

The plaintiff, Equity Business Brokers, Ltd., d/b/a Sunbelt Business Brokers, Ltd., sued the defendant, Paul C. Adair, d/b/a Specialty Wood Work, to recover the remaining amount allegedly due to the plaintiff for the sale of the defendant's business. The defendant filed an affirmative defense and counterclaim, alleging that the contract entered into by the parties failed to meet the requirements of the Illinois Business Brokers Act of 1995 (Act) (815 ILCS 307/10--1 et seq. (West 2002)), and was therefore void. Both parties filed motions for summary judgment. After a hearing, the circuit court granted summary judgment in

favor of the plaintiff.  On appeal, the defendant argues that the circuit court erred when it granted summary judgment in favor of the plaintiff.  We affirm.

On or about July 23, 2003, the plaintiff contracted with the defendant to sell the defendant's business.  The contract was one page in length and clearly stated the agreement's key terms.  The plaintiff eventually sold the defendant's business, and, pursuant to the contract, the plaintiff was to be paid $52,500.  The plaintiff was paid $27,500 and brought this action to recover the remaining $25,000.

As is required in these types of transactions (815 ILCS 307/10--30 (West 2002); see also 14 Ill. Adm. Code §140.302 (2008)), a disclosure statement was given to the defendant by the plaintiff.  The statement consisted of one page.  However, the language was not in the required boldfaced type.  815 ILCS 307/10--30 (West 2002); 14 Ill. Adm. Code §140.302 (2008).  The rest of the page contained information also required by section 10--30 of the Act.

The defendant's affirmative defense and counterclaim alleged that the contract violated the provisions of the Act (815 ILCS 307/10--1 et seq. (West 2002)).  Specifically, the defendant alleged that the cover page of the contract violated section 10--30 of the Act (815 ILCS 307/10--30 (West 2002)) because it did not contain certain boldfaced type and contained information not

2

authorized by section 10--30. The defendant also alleged that he was not given time to consult an attorney before signing the contract. On appeal, the defendant reasserts his claims, contending that these errors constituted material violations of the Act, thereby rendering the contract void.

Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2--1005(c) (West 2006). We review a circuit court's grant of summary judgment under the de novo standard. Wilkerson v. County of Cook, 379 Ill. App. 3d 838, 884 N.E.2d 808 (2008).

Section 10--30(a) of the Act (815 ILCS 307/10--30(a) (West 2002)) requires that a business broker provide a written disclosure document to a client. Section 10--30(b) of the Act (815 ILCS 307/10--30(b) (West 2002)) outlines the information required to be in the written disclosure document, including a title and a statement that must be in at least 10-point boldface capital letters and must be the only text appearing on the cover sheet of the document. See also 14 Ill. Adm. Code §140.302(a) (2008). Other information, including the details of the parties and the contract, must appear on the second page of the document. 14 Ill. Adm. Code §140.302(b) (2008). Furthermore, section 10--

60 of the Act (815 ILCS 307/10--60 (West 2002)) provides that, if a business broker commits a material violation of section 10--30, the contract is void. However, only substantial compliance is necessary to satisfy section 10--30's requirements. 14 Ill. Adm. Code §140.301(b) (2008). A broker substantially complies with section 10--30's requirements when the broker provides: (1) all material information to the proposed client; (2) a reasonable opportunity to review and consider the information and contract; and (3) a reasonable opportunity for the client to consult an attorney. 14 Ill. Adm. Code §140.301(b) (2008).

In this case, the plaintiff's disclosure document included all of the information required by section 10--30, but combined all of the information onto one page. Further, the title and statement required by section 10--30(b) were not in boldfaced type. Rather than explaining why these violations should be considered material under section 10--60, the defendant concludes that they are material simply because they violate section 10--30.

The purpose of the Act is "to ensure that clients and proposed clients of business brokers have full disclosure of the material terms in the business broker's contract with the client, have an opportunity to review those terms and, at the client's request, have an attorney review the contract." 14 Ill. Adm. Code §140.301(a) (2008). The plaintiff did in fact provide the

4

defendant with all the material terms of the contract in its disclosure statement. The defendant does not allege any damages caused by the disclosure statement's form or that any of the required information was missing. We see no reason why this contract should be voided simply because the disclosure statement was one page, rather than two pages. Accordingly, we find that the plaintiff's disclosure statement substantially complied with section 10--30 and did not contain any material violations.

Lastly, the defendant argues that he was not given time to consult an attorney before signing the contract. It is true that a business broker is required to provide the client with a disclosure statement at least seven days before the earlier of either the time the client signs the contract or the time the business broker receives consideration for the contract (14 Ill. Adm. Code §140.300(a) (2008)). However, we note that an affidavit submitted by an officer of the plaintiff states that the plaintiff gave a copy of the disclosure statement prior to the execution of the contract and that the defendant chose to sign the contract without consulting an attorney. The defendant has never attempted to refute these statements. In fact, throughout the length of this action, the defendant has conceded that the facts of this case are not in dispute. Defendant responded to the plaintiff's motion for summary judgment with only a cross-motion for summary judgment. In so doing, the

5

defendant admitted that there were no genuine issues of material fact; the trial court was entitled to decide the case as a matter of law based on the record. SBC Holdings, Inc. v. Travelers Casualty & Surety Co., 374 Ill. App. 3d 1, 872 N.E.2d 10 (2007).

Moreover, the defendant's signature on the disclosure document indicates that he knew he could have consulted an attorney with regard to the contract. The defendant has not alleged any fraud, duress, or coercion in the execution of this contract. Under these circumstances, we find that the defendant's bare allegation that he was not given time to consult an attorney before signing the contract is without merit.

For the foregoing reasons, we hold that the circuit court did not err when it granted summary judgment in favor of the plaintiff.

The judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

HOLDRIDGE and WRIGHT, JJ., concur.